**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL LOBATO,

   Plaintiff,

vs.                      Civ. No. 05-00561 JCH/LCS

STATE OF NEW MEXICO,
NEW MEXICO PUBLIC DEFENDER
DEPARTMENT, JOHN BIGELOW, Chief State
Public Defender, individually, DAVID EISENBERG,
Deputy State Public Defender, individually, JOHN
STAPLETON, Director of Human Resources, New
Mexico Public Defender Department, individually,
CHRISTINA HATFIELD, District Defender,
Eleventh Judicial District, individually, RAY
ARCHAMBEAU, Managing Attorney, Eleventh
Judicial District Public Defender's Office,
individually, BRETT SNYDER, Public Defender,
Eleventh Judicial District, individually, and
WILLIAM WORKMAN, Paralegal, Eleventh Judicial
District Public Defender's Office, individually,

   Defendants.

**MEMORANDUM OPINION AND ORDER**

   **THIS MATTER** comes before the Court on Defendants State of New Mexico, New Mexico Public Defender Department (collectively "State of New Mexico"), John Bigelow, David Eisenberg, John Stapleton, Christian Hatfield, Ray Archambeau, and William Workman's (collectively, "Individual Defendants") Rule 12(b)(1) Motion to Dismiss for Lack of Jurisdiction over the Subject Matter, filed July 22, 2005 [Doc. No. 12].  The Court having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be denied.

**DISCUSSION**

In their Motion to Dismiss, the State of New Mexico and the Individual Defendants argue that the Court should dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because (1) Plaintiff failed to exhaust his administrative remedies before filing suit, and (2) the State of New Mexico is immune from suit under the Eleventh Amendment.  The Court will address each of these arguments in turn.

First, Defendants claim that Plaintiff failed to exhaust his administrative remedies prior to bringing suit, and that the Court therefore should dismiss the complaint for lack of subject matter jurisdiction.  In his complaint, Plaintiff alleges that he initially filed a complaint of discrimination with the United States Equal Employment Opportunity Commission (EEOC) (EEOC Charge No. 390-2005-00482), and that he thereafter filed additional complaints of discrimination and/or retaliation with the EEOC.  The State of New Mexico claims that the Court does not have jurisdiction over the Civil Rights Act of 1964 Title VII claim against it because Plaintiff failed to exhaust his administrative remedies with respect to the charges contained in the subsequent EEOC complaints.

Plaintiff concedes, both in his response to the motion to dismiss and in his complaint, that the charges contained in the subsequent EEOC complaints were not ripe at the time of the filing of the complaint.  *See* Resp. to Motion to Dismiss at p. 2; Compl. ¶ 51.  Indeed, in his complaint, Plaintiff only alleges that the Court has jurisdiction over the charges against the State of New Mexico that were contained in the initial EEOC complaint.  *See id.* ("Plaintiff has filed a formal complaint of prohibited discrimination and retaliation with the EEOC, and has exhausted his

2

administrative remedies as to those matters raised in EEOC Charge No. 390-2005-00482, so that this Court has Title VII jurisdiction over those claims."). Plaintiff does not allege that the Court has jurisdiction over the charges against the State of New Mexico contained in the subsequent EEOC complaints, and in fact admits that he will have to amend his complaint or bring a new complaint against the State of New Mexico to add the charges contained in the subsequent EEOC complaints once they are ripe. Compl. ¶ 51 n.1 ("Plaintiff's complaints of further discrimination and retaliation remain pending with EEOC as of the date of filing hereof, and further amendment of this litigation, or the filing of separate litigation, is therefore anticipated at such time as those administrative remedies are exhausted."). Because the complaint, by its very terms, does not allege claims against the Sate of New Mexico that have not been exhausted, the Court denies the State of New Mexico's motion to dismiss for lack of subject matter jurisdiction on this ground.

Second, the State of New Mexico argues that the Court should dismiss the complaint against it because under the Eleventh Amendment, the State of New Mexico (and the New Mexico Public Defender Department by virtue of the fact that it is an arm of the State) is immune from suit brought by a citizen in federal court. The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Supreme Court has read the Eleventh Amendment as prohibiting suits in federal court against a state, its agencies, or its departments unless the state consents to suit or Congress has abrogated immunity. *See, e.g.*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).

3

Plaintiff's complaint very clearly alleges that the only claim brought against the State of New Mexico is a claim under Title VII of the Civil Rights Act of 1964. It is well settled that Title VII suits against states are not prohibited under the Eleventh Amendment. In *Fitzpatrick v. Bitzer*, the Supreme Court held that Congress, by amending Title VII in 1972 to include state and local governments as "employers," expressed a clear intention to abrogate the states' Eleventh Amendment immunity. *Crumpacker v. Kan. Dep't of Human Resources*, 338 F.3d 1163, 1169 (10th Cir. 2003) (citing *Fitzpatrick*, 427 U.S. 445, 449 & n.2 (1976)). Accordingly, the State of New Mexico's allegation of Eleventh Amendment immunity has no merit, and the Court therefore denies the Motion to Dismiss the Title VII claim on this ground.

## CONCLUSION

For the reasons stated above, **IT THEREFORE IS ORDERED** that Defendants State of New Mexico, New Mexico Public Defender Department, John Bigelow, David Eisenberg, John Stapleton, Christian Hatfield, Ray Archambeau, and William Workman's Rule 12(b)(1) Motion to Dismiss for Lack of Jurisdiction over the Subject Matter, filed July 22, 2005 [Doc. No. 12] is hereby **DENIED**.

Dated this 9th day of March 2006.

JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE

4